SUMMONS ISSUED FILED CLERK
2012 JUL 31 PM 4:33
U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Kwame Bey
Plaintiff
v.
Rubin & Rothman LLC
Defendant

§ § § § §

CV 12 No. 3790

JOHNSON, J.

GOLD, M.J.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff, KWAME BEY brings suit against Defendant for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA"), and in support would show as follows.

**A. JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in Queens County, New York.

3. Plaintiff is an individual who resides in Queens County, New York.

4. Defendant RUBIN & ROTHMAN LLC is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business at 1787 Veteran's Highway, Islandia, NY 11749. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

**B. STATEMENT OF FACTS**



Last saved 7/31/2012 3:42:00 PM

5. Defendant RUBIN & ROTHMAN LLC ("R&R") is a debt collection law firm. R&R is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for putative creditors and debt buyers seeking to collect alleged consumer debts.

6. On or about August 10, 2011 R&R sent Plaintiff the collection letter attached as Exhibit A.

7. The letter was the "initial communication" between R&R and Plaintiff within the meaning of 15 USC § 1692g(a).

8. As required by statute, 15 USC § 1692g(a)(4), the letter included as statement that if Plaintiff notified R&R in writing within 30 days of the letter that disputed the debt or any portion thereof R&R would obtain verification of the debt.

9. New York City Administrative Code § 20-493.2(a) states a debt collector "shall not… [a]ttempt to collect or contact a consumer regarding a debt after such consumer requests verification for such debt until such agency furnishes such consumer written documentation identifying the creditor who originated the debt and itemizing the principal balance of the debt that remains or is alleged to remain due and all other charges that are due or alleged to be due."

10. On August 26, 2011, Plaintiff sent R&R a letter disputing the debt and demanding written verification of the same. That letter is attached as *Exhibit B*, and is incorporated by reference in its entirety. The letter explicitly requested, among other things, a itemization of the amount claimed between principal, interest, and other charges.

11. Plaintiff had every desire to pay the amount he actually owed, but not an amount he did

not actually owe, or an amount that the debt collector could not demonstrate was the correct amount owed.

12. Rubin & Rothman never complied – and to this day still has not complied – with its verification and accounting requirements under the FDCPA and the New York City Administrative Code.

13. Instead, Rubin & Rothman filed suit against Mr. Bey on or about September 27, 2011 in Capital One Bank (USA), NA v. Kwame F. Bey, Index No. CV-088724-11/QU, Queens County Civil Court, and served Mr. Bey shortly thereafter.

14. Mr. Bey was confused as to how much he really owed on the putative account because of Rubin & Rothman's failure to comply with its verification and accounting requirements, making it more difficult for him to address the claims of amount claimed due.

15. Mr. Bey's confusion was made worse by the fact that prior debt collectors identified the name of the creditor entity to whom the debt was owed as Capital One Services, LLC, while Rubin & Rothman sued under the name of Capital One Bank (USA), NA. Two prior debt collectors represented that the putative account was an amount that was inconsistent with what Rubin & Rothman stated was owed.

16. Had Rubin & Rothman complied with its statutory requirements to verify the precise name of the original creditor this would have addressed at least to some extent any dispute that the properly named plaintiff had brought suit.[1]

1 Mr. Bey sent a verification and accounting demand letter to each of the prior two debt collectors within 30 days of their initial communication within him. Instead of responding, the one debt collector forwarded the account to another debt collector, and then the second debt collector forwarded the account to Rubin & Rothman.

17. Plaintiff was forced to retain an attorney and incur attorney's fees and costs to defend the collections lawsuit that Rubin & Rothman had no legal right to file given its refusal to comply with its verification and accounting requirements. These fees and costs are actual damages.

18. Had Rubin & Rothman complied with its verification and accounting requirements Mr. Bey would have confirmation of the correct Capital One entity to whom the putative debt was owed, and would have had an itemization of precisely how the amount alleged to be due was calculated. With these facts, Mr. Bey would have been in a position to know he was paying the correct entity for the correct amount, and may have been able to resolve the issue without having to have been sued, and without having to retain an attorney to defend suit. This opportunity was denied to Mr. Bey by Rubin & Rothman's refusal to comply with its statutorily required verification and accounting requirements.

19. The summons and complaint filed file Rubin & Rothman made demand for judgment and for costs of court and disbursements, none of which Rubin & Rothman was legally allowed to obtain because it was barred from filing suit or taking any other step to collect the putative debt without first complying with the verification and accounting requirements. *See Exhibit C* (summons and complaint).

20. Ultimately, Mr. Bey settled the putative underlying debt through litigation, and now brings suit against Rubin and Rothman for their debt collection violations.

**COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.**

21. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

22. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

23. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5 (Aug. 2, 1977), ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

24. The obligation alleged by Defendant to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he was alleged to owe a "debt."

26. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

27. R&R is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for creditors and debt buyers seeking to collect alleged consumer debts. Therefore, R&R regularly attempts to collect debts alleged to be to another, and that is its primary purpose.

28. The actions of Defendant enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

29. Defendant materially violated the following sections of the FDCPA: 15 U.S.C. §§ 1692e, 1692f and 1692g. By way of example and not limitation Defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of any debt; misrepresenting the compensation which may be lawfully received; using any false representations or deceptive means; using unfair or unconscionable means; and collecting any amount that is not expressly permitted by law or contract; and the failure to cease collection activities in response to a timely written dispute, the failure to provide verification, and the the failure to take the other steps required by 1692g(b).

30. A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of up to $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

**C. JURY DEMAND.**

31. Plaintiff demands a trial by jury.

## D. PRAYER

32. For these reasons, Plaintiff asks for judgment against Defendant for the following:

i. The above referenced relief requested;

ii. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

iii. Actual damages within the jurisdictional limits of the court;

iv. Attorney fees and costs;

v. Prejudgment and post-judgment interest as allowed by law;

vi. A declaration that Defendant violated the FDCPA as alleged in the complaint;

vii. General relief;

viii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated: Brooklyn, NY
July 31, 2012

Respectfully submitted,

By:______________________________

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com



Last saved 7/31/2012 3:42:00 PM

# EXHIBIT A

0974535 D13 0028284

RMD/MB

# RUBIN & ROTHMAN, LLC

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660

MARY LACOSTE
DIRECTOR OF OPERATIONS

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500

FAX (631) 234-1138

NYC DCA LIC. 1249720
1-877-347-2289
RONALD DIELE EXT 163

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI. BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

August 10, 2011

#BWNNWGC
#D130 9745 3511 8104#
KWAME F BEY
9840 57TH AVE APT 18L
CORONA, NY 11368-3655

CURRENT CREDITOR: CAPITAL ONE BANK (USA), N.A.
AMOUNT OF DEBT: $7,341.75
OUR FILE NO: 974535

Dear Sir/Madam,

As of the date of this letter, the creditor has a claim against you in the above amount. We must ask you to contact us to discuss payment in full of the debt or a payment arrangement.

UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER YOUR RECEIPT OF THIS LETTER, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU NOTIFY US IN WRITING WITHIN THE 30 DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL A COPY OF SUCH VERIFICATION TO YOU. UPON YOUR WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

All checks should be sent to P.O. Box 550, Islandia, New York 11749, payable to Rubin and Rothman, and refer to our file number 974535

In addition to personal checks, we accept WESTERN UNION and electronic payments. You can make electronic payments on-line at RRLLC189.com or by calling us during office hours.

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.

RUBIN & ROTHMAN, LLC

# EXHIBIT B

KWAME BEY
9840 57TH AVE
APT 18L
CORONA, NY 11368

Date: August 26, 2011

SENT VIA U.S. CERTIFIED MAIL/RETURN RECEIPT REQUESTED

RUBIN AND ROTHMAN, LLC
1787 VETERANS HIGHWAY
SUITE 32
PO BOX 9003
ISLANDIA, NY 11749

Re: Original Creditor: CAPITAL ONE BANK (USA), N.A.
Acct. No. 5178057300975286
RUBIN AND ROTHMAN ACCT NO: 974535

Dear Sir or Madam:

I am writing to dispute the above-referenced debt. I request that you verify the above debt as required by the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692g and § 20-493.2(a) of the Administrative Code of the City of New York. **Please note that § 20-493.2(a) of the Administrative Code of the City of New York now requires all debt collectors to send written documentation verifying the debt.** The written documentation required is:

1. a copy of the debt document issued by the originating creditor or an original written confirmation of evidencing the transaction resulting in the indebtedness to the original creditor. Computer documents or electronic evidence created after default on the indebtedness shall not qualify as such documentation.

2. a copy of the final statement of account issued by the originating creditor and a document itemizing: 1.) the total amount remaining due on the total principal balance of the indebtedness to the originating creditor; and 2.) each additional charge or fee claimed or alleged to be due that separately (i) lists the total for each charge or fee and the date that each charge or fee was incurred; and (ii) identifies and describes the basis of the consumer's obligation to pay it. See R.C.N.Y., tit. 6, ch. 2, § 2-190 (2010).

Please send this verification to me at the above address. You are not permitted to continue to collect this debt until you provide me with verification.

Because I am disputing this debt, you should not report it to the credit reporting agencies. If you have already reported it, please contact the credit reporting agencies, inform them that the debt is disputed, and ask them to delete it from my credit report. Reporting

information that you know to be inaccurate, or failing to report information correctly, violates the Fair Credit Reporting Act.

Aside from verification of the debt, **do not contact me** about this debt. The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692c requires that you honor this request. Your cooperation will be appreciated.

This letter is not meant in any way to be an acknowledgment that I owe this money.

Thank you for your prompt attention to this matter.

Sincerely,

Kwame Bey

cc: FTC—Consumer Response Center
600 Pennsylvania Ave, NW
Washington, DC 20580

NYC Department of Consumer Affairs
42 Broadway
New York, NY 10004

# EXHIBIT C

CONSUMER CREDIT TRANSACTION
IMPORTANT|| YOU ARE BEING SUED||
THIS IS A COURT PAPER - A SUMMONS

DON'T THROW IT AWAY|| TALK TO A LAWYER RIGHT AWAY| PART OF YOUR PAY CAN BE TAKEN FROM YOU(GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT|| YOU MAY HAVE TO PAY OTHER COSTS TOO||| IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU|

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

SUMMONS (COPY)

CAPITAL ONE BANK (USA), N.A.

Plaintiff

-against-

KWAME F BEY

Defendant(s)

Index No. 088724
Plaintiff's Residence:
4851 COX ROAD
GLEN ALLEN, VA 23060

The basis of venue designated is:
The defendant resides in
the county of QUEENS

COPY
ORIGINAL PAPERS RECEIVED AND FILED
SEP 27 2011
CIVIL COURT QUEENS COUNTY

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of the said Court at 89-17 Sutphin Blvd, Jamaica, New York in the County of Queens, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $ 6,570.56 with interest thereon from 4/21/10, together with the costs of this action.

Dated: Islandia, New York

SEPTEMBER 21, 2011

RUBIN & ROTHMAN, LLC
Attorneys for Plaintiff
1787 Veterans Highway
Islandia, N.Y. 11749
(631) 234-1500

(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

DEFENDANT(S) ADDRESS:

KWAME F BEY
9840 57TH AVE APT 18L CORONA, NY 11368-3655

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

NYC DCA LIC. 1249720

Our File No. 0974535 126 50889- 12 Q SZA

**TRANSACCION DE CREDITO DEL CONSUMIDOR**
**|IMPORTANTE| |UD. HA SIDA DEMANDADO|**
**ESTE ES UN DOCUMENTO LEGAL - UNA CITACION**
**|NO LA BOTE| |CONSULTE CON SU ABOGADO ENSEGUIDA| LE PUEDEN QUITAR PARTE DE SU SALARIO(EMBARGARLO). |SI UD.NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO| |TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)| SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---

CAPITAL ONE BANK (USA), N.A.

Demandante,

Vs.

KWAME F BEY

Demandado.

---

**CITACION (COPIA)**

No. de epigrafe 088724-11
La direccion del Demandante:
4851 COX ROAD
GLEN ALLEN, VA 23060 9-27-11

La razon de haber designado esta Corte es:
El Demandado vive en el Condado de QUEENS

Al demandado arriba mencionado:

USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de Queens, a la oficina del Jefe Principal de dicha Corte en 89-17 Sutphin Blvd, Jamaica, New York en el Condado de Queens, Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y a presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar, se rendira sentencia contra usted en la suma de $ 6,570.56 con intereses en dicha cantidad desde 4/21/10 incluyendo las costa de esta causa.
Fechado: Islandia, New York

SEPTEMBER 21, 2011

RUBIN & ROTHMAN, LLC
Abogado(s) del Demandante
1787 Veterans Highway
Islandia, N.Y. 11749
(631) 234-1500

(a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderia dentro de VEINTE dias despues de la entrega: o
(b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entrega personal a usted en la Ciudad de Nueva York,usted tiene TREINTA dias para comparacer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

KWAME F BEY
9840 57TH AVE APT 18L CORONA, NY 11368-3655

Estamos atentando collectar un deuda. Cualguier infomacion obtenida sera usado para este proposito. Esta comunicacion es de un colector de deuda.
NYC DCA LIC. 1249720

No. de Cuenta 0974535 127 50889- 12 Q SZA

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Index No. 088724-11
9-27-11

CAPITAL ONE BANK (USA), N.A.

Plaintiff

-against-

KWAME F BEY

Defendant(s)

COMPLAINT (COPY)

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought: or transacted business in the county in which this action is brought in person or through an agent, or this cause of action arose out of said transaction. Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor.
2. Plaintiff is a national banking association.

3. Defendant(s) used a credit card issued by plaintiff and agreed to make payments for goods and services charged and/or cash advances made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement, and $ 6,570.56 is now due and owing to plaintiff from defendant(s), together with interest on $ 6,570.56 from 4/21/10 at the rate of 9.00 % per annum.

AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted plaintiff's statements without objection.

6. By reason thereof, an account was stated between plaintiff and defendant(s) in the aforesaid amount.

WHEREFORE, plaintiff requests judgment against defendant(s) in the sum of $ 6,570.56, with interest on $ 6,570.56 from 4/21/10 at the rate of 9.00 % per annum and the costs and disbursements of this action.

Dated: Islandia, New York
SEPTEMBER 21, 2011

RUBIN & ROTHMAN, LLC
Attorneys for Plaintiff
1787 Veterans Highway
Islandia, N.Y. 11749
(631) 234-1500

Deponent is an attorney associated with Rubin & Rothman, LLC. To the best of deponent's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the summons and complaint or the contentions therein are not frivolous as defined in section 130-1.-(c) of the Rules of the Chief Adm. and the matter was not obtained through illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated: SEPTEMBER 21, 2011

JOSEPH LATONA

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
NYC DCA LIC. 1249720

Our File No. 0974535 128 50889- 12 Q SZA