# AHMAD KESHAVARZ
*Attorney at Law*

---

| 16 COURT ST., 26TH FLOOR<br>BROOKLYN, NY 11241-1026 | WWW.NEWYORKCONSUMERATTORNEY.COM<br>E-mail: ahmad@NewYorkConsumerAttorney.com | PHONE: (718) 522-7900<br>FAX:   (877) 496-7809 |
|---|---|---|

October 4, 2012

Honorable Sterling J. Johnson, Jr.
United States District Judge, USDC
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>*Via ECF*</u>

Re:   *Plaintiff's opposition to Defendant's request for pre-motion conference to file a motion for summary judgment [DE*

*Case No. 1:12-cv-03790-SJ-VMS, Bey v. Rubin & Rothman, LLC.*

Dear Judge Johnson:

The undersigned represents Plaintiff in this Fair Debt Collection Practices Act case. Plaintiff opposes as exceptionally premature Defendant's letter for pre-motion conference [DE 8] to file a motion for summary judgment.

1. <u>Nature of claims and procedural history</u>. Plaintiff filed this FDCPA lawsuit on July 31, 2012. The suit alleges Defendant violated the FDCPA by failing to cease all collection attempts after receiving a timely verification demand until such time as Defendant verified the debt and provided proof of the same. Plaintiff sent the verification demand on or about August 26, 2012. Plaintiff will testify that he received no response to this verification. Instead, Defendant filed, served, and litigated a debt collection lawsuit in violation of the automatic stay of collections afforded by the FDCPA, specifically 15 U.S.C. § 1692g(b). Continuing to collect in the face of a verification demand and absent a response to the same also violated the automatic stay of the analogous accounting requirement of New York City Administrative Code § 20-493.2(a). The scope of the information that must be provided under the NY Administrative Code is greater than that of the FDCPA.  While the NY Administrative Code does not itself provide a direct private right of action, the failure to comply with this state law requirement constitutes the taking of an action prohibited by law in violation of 15 U.S.C. § 1692e(5).

2. Defendant has not disputed through a motion to dismiss or a motion for judgment on the pleadings that Plaintiff may enforce the NY Administrative Code provision through the FDCPA. After Defendant was served this federal action, the undersigned had in-formal communications with an attorney of the firm of Defendant Rubin & Rothman. Defendant contended that a verification response has been sent, along with a number of credit card billing statements. When

the undersigned asked for proof that the verification response was actually sent Defendant responded, "We do not have proof of mailing…"

   3.   <u>Summary judgment motions are premature until after the parties have had an adequate opportunity for discovery.</u> Defendants filed an answer just 3 weeks ago. The Rule 26(f) conference was held just 2 weeks ago. Plaintiff's first set of formal discovery has only gone out earlier today. Second Circuit is clear that summary judgment is not to proceed until an adequate opportunity for discovery has been afforded:

> "Fed.R.Civ.P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.,* 271 F.3d 374, 386 (2d Cir.2001). Accordingly, we have held that summary judgment should only be granted if "*after discovery,* the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Hellstrom v. United States Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir.2000) (internal quotation marks omitted) (alterations in original). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct ***304** discovery." *Id.; accord Trebor Sportswear Co. v. The Ltd. Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989) ("Under Rule 56(f), summary judgment may be inappropriate where the party opposing it shows ... that he cannot at the time present facts essential to justify his opposition. The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (internal quotations and citations omitted)).

   <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 303-04 (2d Cir. 2003)

   4.   In the case at bar, one obvious issue is what admissible proof is there that the verification response – with the credit card billing statements referenced therein – were actually mailed to Plaintiff. Plaintiff will testify he never received the putative verification response. That is rather good evidence that a verification response was not in fact sent, or sent to the proper address. What admissible evidence does Defendant have that the verification and supporting documents were sent out, and how would that proof stand up to examination. Perhaps when Defendant responds to the outstanding discovery requests we may have the beginnings of an answer, but that can only be done through discovery. Also, it is extremely unlikely that Defendant was in fact able to obtain the credit card statements in response to the letter dispute within 24 hours, when they were not able to produce the same after months of discovery in the collections lawsuit.

   5.   Defendant asserts [DE 8 p. 2 ¶ 1] that, "it is undisputed that the September 7, 2011 verification letter was sent to the Plaintiff's exact home address as same is set forth in his request for verification letter dated August 26, 2011..." This is most certainly disputed: the complaint alleges (and Plaintiff will testify) that he never received such a verification, which is good evidence that a verification was never sent.

    6.    In addition, the 3 facts alleged in the Defendant's Rule 56.1 Statements do not even allege a verification was sent; it does not even allege a dispute letter was sent by Plaintiff. Defendant makes reference to whether Plaintiff waived discovery issues in the collection case. However, Defendant cites not a single case why Plaintiff forfeits his rights under the FDCPA regarding a discovery dispute in the state court case.

    7.    For these reasons Plaintiff requests the Court deny Defendant's request for a pre-motion conference to file for summary judgment as exceptionally pre-mature. In the alternative, Plaintiff prays for a briefing schedule that would not require a response from Plaintiff until after the close of discovery.

Respectfully,

/s/
Ahmad Keshavarz

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Defendants Rubin & Rothman, LLC
    By and through their attorney of record
    Robert L. Arleo, ESQ.
    380 Lexington Avenue
    17th Floor
    New York, N.Y. 10168
    Telephone: (212) 551-1115
    Fax: (518) 751-1801
    Email: r.arleo@verizon.net

Dated:  Brooklyn, NY
        October 4, 2012
        /s/
        Ahmad Keshavarz
        Attorney for Plaintiff