# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　FAX:  (877) 496-7809

April 12, 2013

Honorable Vera M. Scanlon
United States Magistrate Judge, USDC
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  *Via ECF*

  Re: Plaintiff's opposition to Defendant's letter [DE#15], seeking an extension from the Court's order to produce documents within 45 days, or to "state why" it will not comply with the Court's order.

    Case No. 1:12-cv-03790, *Kwame Bey v. Rubin & Rothman, LLC*, Eastern District of New York.

Dear Judge Scanlon:

  The undersigned represents Plaintiff in this Fair Debt Collection Practices Act case. Plaintiff's opposition to Defendant's letter [DE#12], seeking an extension from the Court's order to produce documents within 45 days.

  a. **Defendant's request is disingenuous**.

  First, the specific request is not just an extension, but seeks permission to not produce the information if it states a reason why.

> Based upon the fact that I am still unclear as to the documents which Plaintiff's counsel seeks I request that Your Honor grant the Plaintiff an extension of time until April 25, 2013 to comply with Your Honor's Order and/or state why the documents cannot be produced.
>
> DE 15, p. 1, ¶ 4

  The issue is not which documents "Plaintiff's counsel seeks," but what the Court ordered to be produced. That order is a matter of record. If Defendant was unclear, sometime in the last 45 days Defendant could have requested the audio recording of the hearing. My own experience is that such recording cost approximately $30 and can be delivered the same day. Counsel for Defendant himself is the one who stated on the record the number of days he could comply with

1

the order, and know he argues he does not understand that to which he agreed.

Second, as stated at the hearing, "account notes" are the most basic of documents that are provided at the outset of most of the over 50 FDCPA lawsuits I have brought. Counsel for Defendant has litigated approximately the same number of FDCPA lawsuits. It is disingenuous in the extreme to suggest he does not understand these basic terms.

b. **Defendant's request should be denied out of hand for failure to comply with local rules and federal rules regarding certificates of conference.**

Local Rule 37.3 states that a party, prior to seeking judicial intervention regarding discovery, "shall attempt to confer in good faith *in person or by telephone* in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." In turn, Rule 37(a)(1) states the movant "*must* include a *certification* that the movant has in good faith… in an attempt to obtain [the relief requested] without court action." Defendant includes no certification. In fact, Defendant affirmatively demonstrates he has not complied with the rules. His letter states he "attempted" to speak with the undersigned at "3:52 PM," was unable to reach me, and at 4:24 PM filed his letter. This cannot be a "good faith" attempt to discuss the issue via telephone, particularly on the 44th day after he was ordered to comply with discovery within 45 days.

c. **Defendant's request prejudices Plaintiff.**

What Defendant has not disclosed in his request for relief is that Defendant served on April 2, 2013 the attached attached Rule 11 21-day safe harbor letter. Under Rule 11, Plaintiff has 21 days to respond to the demand or the moving party may move for sanctions under the letter. That the 21 day deadline expires approximately April 23, 2013. Defendant seeks an extension to respond April 25, 2013 to the court ordered discovery or "state why" it will not comply with the court's order. Defendant is attempting to game the system by moving for sanctions alleging that the sliver of information it has provided demonstrates why Plaintiff has no case, and why Plaintiff should therefore should be sanctioned under Rule 11. At the same time, Defendant seeks to avoid providing court ordered documents. As Your Honor noted at the hearing, Plaintiff is entitled to have the sliver of information provided put in full context of all of the documents ordered to be produced.

Also, the deadline for Plaintiff to move to amend and to make a settlement demand is April 26, 2013. The Court ordered Defendant to produce documents by April 12, 2013 so that Plaintiff can use the documents to in deciding its settlement demand and whether to move to amend. Withholding the Court ordered documents therefore makes settlement less likely as Plaintiff will be making a settlement demand without full information.

d. **What Plaintiff will agree to.**

If Defendant's true goal is to address his "uncertainty" as to what the Court ordered and not to prejudice Plaintiff's rights or to game the system, Plaintiff will agree to the following:

1. Defendant has an extension of 2 weeks to obtain the recording of the hearing and to fully comply with the order.
2. All of the existing deadlines are pushed back 2 weeks.
3. Defendant withdraws his attached Rule 11 safe-harbor letter and does not re-serve a Rule 11 demand until after Defendant fully complies with the court's February 26, 2013 discovery order.

   Defendant's attempt to seek court intervention within a half-hour of apparently making a phone call and leaving no message, needlessly increases attorney's fees, a matter that will become relevant at the fee petition stage should Plaintiff prevail.[1]

Respectfully,

/s/
Ahmad Keshavarz

Enclosure (as stated)

cc: all counsel of record

---

[1] A Defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by plaintiff in response." *See Copeland v Marshall*, 641 F2d 880, 904 (DC Cir 1980) (en banc), *citing Wolf v Frank*, 555 F2d 1213, 1217 (5th Cir 1977) ("Obviously, the more stubborn the opposition the more time would be required" by the other side); *Perkins v New Orleans Athletic Club*, 429 F Supp 661, 667 (ED La1976) ("Those who elect a militant defense in the face of a statute allowing attorney's fees if they are defeated must take into account the time and effort they exact from their opponents.")