Matt J. Miles, Esq.
360 Lexington Avenue
17th Floor
New York, NY 10016

CERTIFIED MAIL
7007 3020 0001 3222 2513

Ahmed Rodriguez, Esq.
16 Court Street, 26th Floor
Brooklyn, NY 11241-1026

PALENVILLE, NY 12463
APR 02 13
AMOUNT $6.31
0003792201

**ROBERT L. ARLEO, ESQ.**
380 Lexington Avenue
17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115          Fax: (518) 751-1801
Email: r.arleo@verizon.net

April 2, 2013

Ahmad Keshavarez
16 Court Street, 26th Fl.
Brooklyn, New York   11241
Via certified mail #7007 3020 0001 3222 2513

     Re:  Bey v. Rubin & Rothman, LLC
       Case No. 12-cv-03790

Dear Mr. Keshavarez:

  Please find included herewith a Notice of Motion For Sanctions Pursuant to Fed. R. Civ. P. 11. Said Notice is sent in conjunction with the holding issued by the United States Court of Appeals for the Second Circuit in the matter of *Star Mark Management v. Koon Chun Hing*, 682 F.3d 170, 175 (2d Cir. 2012).

  I *again* advise you that the allegations of violation of the FDCPA, set forth in the Complaint filed in the above-entitled, are based solely upon the assertion that the Defendant, Rubin &Rothman, LLC ("R&R"), did not formally respond to the Plaintiff's request for verification of the underlying debt. I *again* advise you that proof of such verification is attached as Exhibit "A" to the Defendant's Answer. Thus, based upon such verification letter, each and every of the allegations of FDCPA violations, as set forth in the Complaint, fail as a matter of law.

  In *again* refer you to the holdings in *McMahon v. Credit Bureau of Placer County*, 171 F.3d 1197 (9th Cir. 1999); *Lakefish v. Certegy Payment Recovery Servs.*, 2011 U.S. Dist. LEXIS 37475 (D. Ore.); *McLain v. Daniel N. Gordon, P.C.*, 2010 U.S. Dist. LEXIS 86794 (W.D. Wash.). I *again* refer you to the holding in *Saunders v. NCO Financial Sys.*, 2012 U.S. Dist. LEXIS 181174 (E.D.N.Y.).

  I *again* refer you to the affidavit of Mr. Ken Truong who has been employed by R&R in the IT Department for 13 years. Pursuant to Mr. Truong's sworn assertions, and the exhibits attached to his affidavit, there can be no dispute that R&R possessed the account records prior to sending the verification letter to your client.

2

Sincerely,

Robert L. Arleo

RLA:gra
enclosure
cc:  Rubin & Rothman, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x   12 CV 03790 (SJ)(VMS)

KWAME BEY,

                Plaintiff

      -against-                          NOTICE OF MOTION FOR
                                              SANCTIONS PURSUANT TO
                                              FED. R. CIV. P. 11

RUBIN & ROTHMAN, LLC,

                Defendant
----------------------------------------------------------x

    PLEASE TAKE NOTICE, that the Defendant Rubin & Rothman, LLC ("R&R") will move for an Order pursuant to Fed. R. Civ. P. 11 for monetary sanctions equal to the amount of attorneys fees and costs expended by the Defendant R&R against the Plaintiff, Kwame Bey, and his counsel, Ahmad Keshavarz, for continuing to knowingly advance a baseless claim against the Defendant R&R after said claim has been proven to be factually baseless. Specifically, the Plaintiff and his counsel continue to allege that the Defendant R&R violated the Fair Debt Collection Practices Act (FDCPA) by failing to send written verification of a debt owed by the Plaintiff after the Plaintiff sent a written request for such verification to the Defendant. The Defendant has sent various proofs to Plaintiff's counsel that the verification was, in fact, sent via regular mail to the Plaintiff. On February 21, 2013 the Plaintiff's counsel also forwarded an affidavit executed by Mr. Ken Truong who has been employed by the Defendant in its IT Department for 13 years. Pursuant to Mr. Truong's sworn assertions, and the exhibits attached to

his affidavit, there can be no dispute that R&R possessed the account records prior to sending the verification letter to the Plaintiff. Despite all of this evidentiary proof the Plaintiff and his counsel refuse to withdraw the above-entitled action.

The Plaintiff and his counsel refuse to withdraw the above-entitled action even after the undersigned counsel for the Defendant sent a correspondence dated September 17, 2012 to the Plaintiff's counsel which set forth FDCPA case law concerning claims by a consumer wherein the consumer denied receiving a written verification which was sent by a debt collector via regular mail in response to a written request for verification sent by the consumer to the debt collector. Said case law establishes that a debt collector need only prove that it mailed the verification notice, that the verification notice was not returned as undeliverable and otherwise need not prove that the consumer received the verification notice. The Plaintiff and his counsel refuse to withdraw the above-entitled action after the undersigned counsel for the Defendant sent a correspondence dated January 4, 2013 to the Plaintiff's counsel which set forth the FDCPA decision from *Saunders v. NCO Financial Sys.*, 2012 U.S. Dist. LEXIS 181174 (E.D.N.Y.) which also concerned claims by a consumer that he did not receive a written verification which was sent by a debt collector via regular mail in response to a written request for verification sent by the consumer. The holding in *Saunders v. NCO Financial Sys.* further affirms the premise that a debt collector need only demonstrate that a verification letter was mailed to a consumer, that it was not returned as undeliverable and otherwise need not prove that the consumer received the verification letter.

The Plaintiff and his counsel are each further subject to Rule 11 sanctions based upon their service upon the Defendant of requests to admit, many of which are verbatim reassertions of the allegations contained in the Complaint which were already denied by the Defendant in its

Answer. The requests to admit constitute a frivolous abuse of the discovery process which was designed solely to circumvent the denials contained in the Defendant's Answer in the hopes that the Defendant would fail to serve timely answers so as to argue that the requests to admit be deemed admitted. In a letter dated February 21, 2013 addressed to Magistrate Judge Vera Scanlon, Plaintiff's counsel confirmed this abusive tactic by reporting to Magistrate Judge Scanlon that, during a telephone conversation which occurred on February 15, 2013 between he and the undersigned counsel for the Defendant, he advised the undersigned counsel for the Defendant "I noted that they had already deemed admitted all of the elements of Plaintiff's cause of action."

DATED: April 2, 2013

ROBERT L. ARLEO, ESQ.
Attorney for the Defendant
Rubin & Rothman, LLC
380 Lexington Avenue, 17th Fl.
New York, New York  10168
(212) 551-1115
Email: r.arleo@verizon.net

TO: AHMAD KESHAVARZ, ESQ.
    16 Court Street
    Brooklyn, New York   11241
    Via certified mail #7007 3020 0001 3222 2513