**ROBERT L. ARLEO, ESQ.**
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                         Fax: (518) 751-1801
Email: r.arleo@verizon.net

April 20, 2013

Honorable Vera M. Scanlon
United States Magistrate Judge, USDC
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York    11201
Via ECF

                Re:  Bey v. Rubin & Rothman, LLC
                <u>12-CV-03790</u>

Dear Magistrate Judge Scanlon:

   I am corresponding to report a patently improper abuse of discovery by Plaintiff's counsel. This letter motion asks that Your Honor issue an Order to Show Cause directing Ahmad Keshavarz to appear and show cause why he should not be sanctioned for improperly communicating directly with the Defendant. This letter shall also serve as a motion to stay any further discovery pending Defendant's attempt to move for summary judgment.

   Included herewith as Exhibit "A" is a copy of documents mailed by Mr. Keshavarz entitled "PLAINTIFF KWAME BEY'S NOTICE OF DEPOSITION ON WRITTEN QUESTIONS DUCES TECUM ON CAPITAL ONE, N.A." ("Doc. No. 1") and "PLAINTIFF KWAME BEY'S NOTICE OF DEPOSITON ON WRITTEN QUESTIONS DUCES TECUM ON CAPITAL ONE BANK, N.A.")("Doc. No. 2"). These documents were mailed by Mr. Keshavarz to Capital One Bank, N.A. both directly and to its registered agent.

   Instead of serving these documents upon my law office Mr. Keshavarz improperly and outrageously mailed the documents directly to my client, a party known to be represented by counsel. There are reasons why Mr. Keshavarz's undertook this blatantly improper action.

   Initially, Mr. Keshavarz was hoping to quickly obtain documents from Capital One, many of which are protected by the attorney-client privilege, without my knowledge and in a time period before I could prevent Capital One from sending the documents. Indeed, Mr. Keshavaez was well aware that I would quickly act in response thereto. Instead, he sent the documents to the litigation support unit of Capital One hoping an administrative person employed therein would simply mail the documents to him. He further hoped that, by mailing the documents directly to Rubin & Rothman, the documents would get lost in transmission and, by the time I was notified, he would already have the documents in his possession. Thus, Mr. Keshavarz should also be

2

compelled to return any documents which he may have received from Capital One and should otherwise be precluded from using any copies of such documents in this litigation.

    The documents are patently improper. Although Doc. No. 1 purports to be a notice of deposition on written questions it also commands a person from Capital One to appear for a deposition on April 19, 2013 at 10:00 AM at Mr. Keshavarz's law office. Doc. 2 also compels Capital One to produce documents. Each are patently improper. If Mr. Keshavarz sought to compel a person from Capital One to appear for a deposition, and/or if he wanted Capital One to produce documents, he was required to serve a proper in form subpoena pursuant Fed. R. Civ. P. 45. In fact, the sham documents reference Rule 45 therein. Importantly, the documents fail to set forth the proper case number for the above-entitled action.

    The sham documents would fail under Rule 45. There is no reasonable amount of time to comply. The notice was not issued by the federal district court wherein the subpoenaed party is located. There is no copy of the rights of a subpoenaed party included in the documents. There is no evidence that costs were paid. The documents compel a person who is neither a party nor a party's officer to travel more than 100 miles from where the person resides or is employed. The sham documents seek documents concerning communications between Capital One and the Defendant which are clearly subject to a claim of attorney-client privilege.

    In sum, the sham documents are simply further evidence that Mr. Keshavaraz understands that the above-entitled action has no merit and that he is simply harassing my client. Clearly, Mr. Keshavarz understands that Capital One looks negatively upon any lawsuit filed against Rubin & Rothman in conjunction with attempts to collect Capital One debts. Mr. Keshavarz seeks to compel my client to pay under threat of interfering with, and otherwise damaging, the relationship between Capital One and Rubin & Rothman.

    Please be advised that I attempted to meet and confer with Mr. Keshavarz yesterday, April 19, 2013, during a telephone conversation which commenced at 1:30 PM. However, Mr. Keshavarz refused to discuss the documents.

    I include herewith as Exhibit "B" a copy of the affidavit of Ken Truong detailing how the verification letter was sent to the Plaintiff and when the Defendant possessed the billing records referenced in the letter. Again, a debt collector need not prove receipt of FDCPA statutorily required advisements by the debtor, only that the letter was sent. In regard thereto, please see *Saunders v. NCO Financial Sys.*, 2012 U.S. Dist. LEXIS 181174 (E.D.N.Y.)(finding that a debt collector need only demonstrate that a verification letter was mailed to a consumer, that it was not returned as undeliverable and otherwise need not prove that the consumer received the verification letter.) See also *McMahon v. Credit Bureau of Placer County*, 171 F.3d 1197 (9th Cir. 1999); *Lakefish v. Certegy Payment Recovery Servs.*, 2011 U.S. Dist. LEXIS 37475 (D. Ore.); *McLain v. Daniel N. Gordon, P.C.*, 2010 U.S. Dist. LEXIS 86794 (W.D. Wash.).

    Mr. Keshavarz seems to believe that the Defendant had to possess documented evidence that the debt was owed in order to properly validate the debt. He is incorrect. See *Chaudry v.*

3

*Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)(finding that "Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed" and " ….is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts….already paid." The 4th Circuit further stated that a debt collector is not required to keep detailed files of the debt for the purpose of sending verification to the debtor.) See also *Azar v. Hayter,* 874 F. Supp. 1314, 1317 (N.D. Fla. 1995)(holding the same as *Chaudry* stating (in part) "There is no concurrent obligation to forward copies of bills or other detailed evidence of the debt.") Here, the verification letter was properly sent to the Plaintiff at the address provided by the Plaintiff.

    Yesterday, I forwarded a copy of the Defendant's entire account records history to Mr. Keshavarz. I include herewith a copy of said records history as Exhibit "C". Same confirms that the Defendant requested the account records from Capital One on 8/09/11, that the records were received on 8/29/11, that the Plaintiff's letter requesting verification was received on 9/7/11 and that the verification letter was sent on that date by the Defendant to the Plaintiff. Thus, any attempt by Mr. Keshavarz to claim that the verification letter was false and deceptive because the Defendant did not have the documents referenced in the letter would fail.

    Fed. R. Civ. P. 26(c) provides that a federal district court has the power to stay discovery "for good cause shown" pending the outcome of a dispositive motion that potentially eliminates an entire action. *Spencer Trask Software Info Servs. v. Post Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). "Good cause" may be shown where a party will not be prejudiced by the stay order. *Niv v. Hilton Hotels Corp.*, 2007 U.S. Dist. LEXIS 12776 (S.D.N.Y.). Factors also used to determine if discovery should be stayed are the breadth of discovery and the burden of responding to the discovery. *Anti-Monopoly, Inc. v. Hasbro*, *Inc.,* 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y.). A Court may also consider the fact that a case-ending dispositive motion will likely be successful. *Picture Patents, LLC v. Terra Holdings, LLC,* 2008 U.S. Dist. LEXIS 98030 (S.D.N.Y.). Here, the Defendant has already responded to Plaintiff's discovery demands but discovery remains open. I have no doubt that Mr. Keshavarz will continue to use the discovery process to harass the Defendant. The foregoing facts indicate that this case has no merit and that a motion for summary judgment will likely be successful. Thus, Your Honor should stay further discovery.

    Mr. Keshavarz harassed the Defendant in regard to another frivolous and baseless FDCPA matter, *Kahn v. Rubin & Rothman, et al.* 12-cv-8462 (S.D.N.Y.). Mr. Keshavarz only stipulated to withdraw the claims therein after he was chastised by District Judge Richard Sullivan at an in-chambers conference. I will shortly provide Your Honor with a transcript of the conference.

                                                       Respectfully submitted,

                                                       / s / *Robert L. Arleo*

                                                       Robert L. Arleo

RLA:gra
cc: Ahmad Keshavarz via ECF